Lupe C. Rodriguez, Jr., Esq. (SBN 175449)
GRACE HOLLIS LOWE HANSON & SCHAEFFER LLP
3555 Fifth Avenue
San Diego, CA 92103
Phone: (619) 692-0800
Fax:    (619) 692-0822

Attorneys for Defendant
PATRICIA MARIE CHAIDEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-CR-3278-JM |
| Plaintiff, ) | **SUPPLEMENTAL BRIEF RE MOTION TO SUPPRESS EVIDENCE** |
| v. ) | |
| PATRICIA MARIE CHAIDEZ, ) | **STATUS HEARING: MAY 16, 2008** **TIME: 11:00 a.m.** |
| Defendant. ) | |

Pursuant to this Court's request, Defendant, PATRICIA MARIE CHAIDEZ ("Ms. Chaidez") is filing this supplemental brief follows. Attached to this supplemental brief as Exhibits "A" and "B" are the transcriptions ( First and Second Interviews) and Exhibit C are the dvds of the two post arrest interviews of co-defendant, Yolanda Newland ("Ms. Newland"). This Court indicated that it would review the post arrest interviews of Ms. Newland in order to evaluate whether further hearing on the motion to suppress filed by Ms. Chaidez.

It is clear from a review of the actual post arrest interviews of Ms. Newland that Ms. Chaidez' motion to suppress evidence should be granted. The statements made by Ms. Newland during the first post arrest interview were completely ignored by Agent Sainz and excluded in the

1

**SUPPLEMENTAL BRIEF RE MOTION TO SUPPRESS EVIDENCE**

declaration of probable cause submitted in favor of both search warrant requests at issue before this Court. It is undisputed that Ms. Newland's statements were material to the search warrant because the statements she made during the second interview were used in the search warrant applications. The failure of Agent Sainz to include the contradictory statements made by Ms. Newland during the first interview or even the mention of them in the application was an attempt to mislead Magistrate Judge Lewis into signing the search warrants and improper. Without the statements of Ms. Newland or some indication of the unreliability of the statements made by Ms. Newland in the search warrant application and affidavit in support of probable cause, Agent Sainz had no other basis upon which to rely for probable cause.

The Fourth Amendment of the United States Constitution protects people against unreasonable searches and seizures. U.S. Const. Amen. IV. To safeguard constitutional values and individual privacy rights, a search warrant must be issued upon probable cause determined by a detached and neutral magistrate. See *Almeida-Sanchez v. U.S.,* 413 U.S. 266, 277 (1973). To permit affiants to deliberately, recklessly, and intentionally mislead magistrates will strip the probable cause requirement from its essence and meaning. *Franks v. Delaware,* 438 U.S. 154, 168 (1978).

A defendant is constitutionally entitled to an evidentiary hearing to challenge the veracity and legality of a facially valid affidavit by only making a substantial preliminary showing that 1) the affidavit contains intentionally or recklessly false statements, and 2) the affidavit cannot support a conclusion of probable cause without the alleged false information. *United States v. DeLeon,* 979 F.2d 761, 763 (9th Cir. 1992). Clear proof of deliberate or reckless false statements is not required to overcome the substantial preliminary showing. *United States v. Chesher,* 678 F.2d 1353, 1362 (9th Cir. 1992). In determining whether there is probable cause to search, the relevant inquiry is whether "in light of all the circumstances set fort in the affidavit, there is fair probability that contraband or

**SUPPLEMENTAL BRIEF RE MOTION TO SUPPRESS EVIDENCE**

evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1983). Sufficient information must be furnished to give the magistrate a substantial basis to make a 'practical, common-sense decision' that probable cause exists. *United States v. Stanert,* 726 F.2d 775, 778 (9th Cir. 1985)..

    As such, it is requested that once this Court reviews the actual post arrest interviews of Ms. Newland in their entirety, this Court should either grant a further hearing wherein Agent Sainz can be questioned concerning the omission of the material statements or this Court can make a determination that the motion to suppress should be granted suppressing all evidence seized from the vehicle and home of Ms. Chaidez pursuant to the search warrants.

                                                          Respectfully submitted,

Dated: April 29, 2008                              /s/ Lupe C. Rodriguez, Jr.
                                                          Lupe C. Rodriguez, Jr., Esq.
                                                          Attorney for Defendant,
                                                          PATRICIA MARIE CHAIDEZ

**SUPPLEMENTAL BRIEF RE MOTION TO SUPPRESS EVIDENCE**