# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>PATRICIA MARIE CHAIDEZ,<br><br>　　　　　　　　　Defendant. | CASE NO. 07cr3278 JM<br>CIVIL NO. 09cv2147 JM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

On September 30, 2009, Petitioner Patricia Marie Chaidez, a federal prisoner proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to reduce her 120 month sentence imposed pursuant to a plea agreement. The sentence resulted from Chaidez's conviction for the importation of approximately 48.10 kilograms of cocaine into the United States, in violation of Title 21, United States Code, Sections 952 and 960. Chaidez alleges as grounds for relief ineffective assistance of trial counsel in failing to instruct and/or erroneously instructing Chaidez that she would receive a minimum of 120 months pursuant to the plea agreement as opposed to the 60 -72 months Chaidez believed she would receive. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this case is appropriately disposed of without a response from the government.

## Background

On November 18, 2007, Chaidez attempted to enter the United States from

Mexico via the Calexico, CA West Port of Entry. Chaidez was driving a 1998 Lincoln Navigator accompanied by her co-defendant Yolanda Rojas Newland. As the vehicle approached the border crossing inspection area, Customs and Border Protection Officers (CBPO) were conducting pre-primary operations with canine units. A canine unit alerted to the gas tank of the vehicle driven by Chaidez. Upon a search of the vehicle's gas tank, officers discovered forty-four packages of cocaine with a combined weight of 48.10 kilograms. Chaidez and her co-defendant were subsequently arrested for importation of cocaine to the United States and indicted.

On July 3, 2008, Chaidez entered into a plea agreement, under which she agreed that certain guideline calculations applied. Under the plea agreement, the base offense level was 31 pursuant to 2D1.1.(a)(3), a two-level downward departure for minor role, and a three-level downward departure for acceptance of responsibility. The government therefore, recommended a total offense level of 26. With a Criminal History Category III, the applicable guideline range would have been 78-97 months. Chaidez, however, as set forth in the plea agreement, was subject to a minimum mandatory sentence of 120 month. Thereafter, no further departures or adjustments were requested at the time of sentencing.

## Discussion

A.    <u>Petitioner Waived the Right to Collaterally Attack her Sentence</u>

In her § 2255 motion, Chaidez challenges the 120 month sentence imposed pursuant to the plea agreement. Specifically, Chaidez suggests she was informed that by entering into the plea agreement she would only be subject to a sentence ranging from 60 to 72 months.

First, by knowingly and voluntarily entering into the plea agreement, Chaidez waived her right to collaterally attack the imposed sentence. The Plea Agreement states in pertinent part:

> Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (*or statutory mandatory minimum term*, if applicable) recommended by the government pursuant to this plea agreement at the time of sentencing.

(Plea Agreement section XI) (emphasis added).

The Ninth Circuit regularly enforces knowing and voluntary waivers of appellate rights in criminal cases where the waivers are part of negotiated guilty pleas and do not violate public policy. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.* at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). If a waiver of appellate rights was made knowingly and voluntarily, inquiry into the waiver's validity must end. *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000). A valid waiver bars a defendant from challenging his conviction and sentence. *Id.* The Ninth Circuit, however, has indicated that exceptions to this rule may exist in limited circumstances, including where a § 2255 petition challenges a plea agreement's validity by way of an ineffective assistance of counsel or involuntariness claim. *Washington v. Lampert*, 422 F.3d 864, 870–71 (9th Cir. 2005).

The plea agreement's language clearly embraces a waiver of any collateral attack on the imposed sentence, including a § 2255 motion. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) Furthermore, Chaidez does not argue that she involuntarily waived her § 2255 rights. She does not challenge the voluntariness of his waiver or state any other reason why her waiver is invalid. The record reflects that Chaidez's waiver was knowing and voluntary as evidenced by her initials on each page of the plea agreement as well as by her signature on the plea agreement, and is therefore, enforceable. Chaidez also specifically acknowledged that she was subject to a ten year minimum mandatory sentence. (Docket No. 29 at p.3, "Defendant understands that the crime(s) to which Defendant is pleading guilty carr[ies] . . . a minimum 10 years in prison."). Likewise, during sentencing, the court explained the effect of the plea and Chaidez's waiver of her right to appeal or collaterally attack the imposed sentence and also reviewed that Defendant was subject to a ten year minimum mandatory sentence. Chaidez indicated that she both understood and agreed to the validity of the imposed sentence. (*Id.* at p. 8, line 25). Accordingly, Chaidez

1  waived her right to collaterally attack her sentence. The motion is denied.

2      B.    <u>The IAC Claim is Without Merit</u>

3      Even if Chaidez had not validly waived her right to collaterally attack her
4  sentence, her ineffective assistance of counsel claim is without merit. Chaidez appears
5  to argue that defense counsel misrepresented or misadvised her as to the conditions of
6  the plea causing her to believe she would receive a sentence ranging from 60 to 72
7  months. There is, however, no evidence that defense counsel misrepresented the
8  conditions of the plea or otherwise was defective in her assistance.

9      To prevail on an ineffective assistance of counsel claim, a petitioner must
10 demonstrate that (1) counsel's performance was deficient; and (2) counsel's deficient
11 performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687
12 (1984). A petitioner must demonstrate that counsel's representation fell below an
13 "objective standard of reasonableness" and that, but for counsel's errors, there is a
14 reasonable probability that the result of the proceeding would have been different. *Id.*
15 at 694. Where the challenged performance involves a tactical decision on the part of
16 counsel, there is a "strong presumption that counsel's conduct falls within the wide
17 range of acceptable professional assistance." *Id.* at 689. Failure to raise a meritless
18 argument falls under the realm of tactical decisions and does not constitute ineffective
19 assistance. *Boag v. Raines,* 769 F.2d 1341, 1344 (9th Cir. 1985).

20     Chaidez has failed to demonstrate that she received ineffective assistance of
21 counsel. There is no evidence that counsel misrepresented the plea agreement to
22 Chaidez and in fact, the record reflects Chaidez was repeatedly made aware during
23 sentencing that she faced a mandatory minimum sentence of 120 months. (Sentencing
24 Transcript p. 5, line 24; p. 6, line 1, 3; p. 7, line 10). Counsel secured the minimum
25 sentence available under the applicable sentencing guidelines even though Chaidez's
26 exposure was higher. This court, having carefully considered the sentencing
27 memorandum from both sides, imposed the mandatory minimum of 120 months.
28 Therefore, there was no course or alternate strategy defense counsel could possibly have

1 pursued to secure a lesser sentence for Chaidez. Also, Chaidez cannot show that she was prejudiced by any defense tactics because she faced a minimum 120 month sentence no matter what defense counsel did or failed to do.

Chaidez also represents that one week before her sentencing hearing she was advised by her attorney of the potential 60-72 month sentence under the Sentencing Guidelines. Even if true, this does not constitute IAC because the "representation" by Defendant's own argument, came after the plea hearing in which she was advised of the ten year minimum mandatory sentence and, at the same time, she accepted the written plea agreement in which she was also advised of the ten year minimum mandatory sentence. (Plea TR pp.5:16-17; 10:24-25). Chaidez and her counsel also represented that they had jointly reviewed, discussed, and understood the implications of the plea, including the minimum mandatory sentence. (Plea TR pp.9:16 - 10:14). Thus, Chaidez's ineffective assistance of counsel claim is not persuasive.

In sum, the motion to vacate or reduce her sentence pursuant to 28 U.S.C. §2255 in denied.

IT IS SO ORDERED.

DATED: December 10, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties